UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TIMOTHY L. BLIXSETH, | Case No. 3:21-cv-00067-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, | |
| Defendant. | |

**I.    SUMMARY**

Plaintiff Timothy Blixseth filed an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, against the United States Federal Bureau of Investigation ("FBI"), alleging that the FBI has failed to produce responsive records to Plaintiff's two FOIA requests. (ECF No. 1.) Before the Court is Defendant's motion to transfer venue to the United States District Court for the District of Columbia. (ECF No. 14 ("Motion").)[1] The Court finds—and as further explained below—that several factors weigh in favor of transferring venue under 28 U.S.C. § 1404(a). Accordingly, the Court will grant Defendant's Motion.

**II.    BACKGROUND**

The following facts are taken from Plaintiff's complaint (ECF No. 1), unless noted otherwise. Plaintiff is a resident of Nevada. (*Id.* at 2.) On June 26, 2018, Plaintiff submitted a FOIA request to the FBI seeking records regarding his company. (*Id.*) On August 9, 2018, Plaintiff received a letter notifying him that his request was being administratively closed and would be processed under a different number as the two

---

[1] The Court has also reviewed the related response and reply briefs. (ECF Nos. 15, 17.)

requests shared similar information. (*Id.*) Plaintiff alleges that the FBI has failed to provide any determination on his records request for over two and a half years, and thus has failed to comply with FOIA's prescribed time limits. (*Id.* at 4.)

Additionally, Plaintiff filed another FOIA request on July 23, 2019. (*Id.* at 4-5.) On August 15, 2019, the FBI responded that they conducted a search but was unable to locate any responsive records as requested. (*Id.* at 5.) Plaintiff appealed and received a response on November 4, 2020, affirming the FBI's no-record response. (*Id.*) Plaintiff alleges that to avoid litigation, he has sought to engage in discussions with the Office of Government Information Services, the Department of Justice's Office of Information Policy, and the FOIA Public Liaison, but to no avail. (*Id.* at 5-6.) He further alleges that he has exhausted his administrative remedies regarding his July 23, 2019 request. (*Id.* at 6.)

Plaintiff appears to have filed six different civil actions relating to FOIA in the United State District Court for the District of Columbia. (ECF No. 14 at 3-4.) Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of these six cases as follows: (1) *Blixseth v. United States Dep't of Just.*, Case No. 1:17-cv-2756-JEB;[2] (2) *Shaw v. United States Dep't of Just.*, Case No. 1:18-cv-593-JEB;[3] (3) *Blixseth v. United States Dep't of Just.*, Case No. 1:18-cv-2281-JEB;[4] (4) *Blixseth v. United States Immigr. and Customs Enf't*, Case No. 1:19-cv-1292-JEB;[5] (5) *Blixseth v. United States Coast Guard*, Case No. 1:19-cv-2297-JEB;[6] and (6) *Blixseth v. United States Customs and Border Prot.*, Case No. 1:19-cv-3117-JEB.[7] Plaintiff additionally has a

---

[2] FOIA action brought by Plaintiff and closed on March 22, 2018.

[3] FOIA action that appears to be closed on November 19, 2019. The Court notes that the action was brought by a different plaintiff but related to cases listed herein.

[4] FOIA action brought by Plaintiff and closed on January 31, 2020.

[5] FOIA action brought by Plaintiff and closed on January 14, 2020.

[6] FOIA action brought by Plaintiff and closed on December 16, 2019.

[7] FOIA action brought by Plaintiff and remains pending before the Untied States District Court for the District of Columbia.

Federal Tort Claims Act ("FTCA") case against Defendant in this Court and was previously a party in an action in the United States Bankruptcy Court for the District of Nevada. The Court takes judicial notice of these two cases: *Blixseth v. IRS*, Case No. 3:20-cv-00101-RCJ-WGC[8] and *In re: Timothy Blixseth*, Case No. 11-15010-MKN.[9]

## III. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

In deciding a motion to transfer venue under § 1404(a), the district court may consider: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *See Jones*, 211 F.3d at 498-99 (citing *Stewart*, 487 U.S. at 29-31; *Lou v. Belzerg*, 834 F.2d 730, 739 (9th Cir. 1987)).

The party seeking to transfer venue bears the burden of showing circumstances warrant a transfer. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

## IV. DISCUSSION

Defendant argues that, beyond consideration given to Plaintiff's choice of forum, all other factors weigh in favor of transferring this action to the District of Columbia. (ECF No. 14 at 5-8.) Specifically, Defendant argues that transfer would not present a

---

[8] FTCA action brought by Plaintiff against multiple defendants, including the FBI, and is currently on appeal.

[9] Involuntary bankruptcy petition against Plaintiff—as alleged debtor—that was dismissed on July 10, 2013.

3

hardship to Plaintiff as he has previously filed cases in the District of Columbia, Plaintiff's counsel is based in Washington, D.C., and any potential agency witnesses are likely based there as well. (*Id.* at 6-7.) Defendant additionally argues that transfer of venue is proper because Plaintiff's claims in this action are substantially identical to his previously filed FOIA actions in the District of Columbia. (*Id.* at 7.)

Plaintiff counters by pointing to his Nevada residency and that his choice of forum in this District should be afforded "great deference." (ECF No. 15 at 4.) He further argues that his pending FTCA action also involves the FBI, consists of the same witnesses and custodians of documents, and addresses the same concerns raised in this action. (*Id.* at 4) Additionally, Plaintiff asserts that only two of the six cases in the District of Columbia are pending, and neither of those two cases involve the FBI or the same witnesses in this action. (*Id.* at 5.)

Indeed, Plaintiff is correct that there is a strong presumption in favor of Plaintiff's choice of forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). But § 1404(a) "requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones*, 211 F.3d at 498. The Court, in consideration of convenience and fairness, finds that multiple factors weigh in favor of transferring this FOIA action to the District of Columbia.

Here, Plaintiff has had contact with the District of Columbia in that he has filed six FOIA actions in that court in the past few years. At least one of those actions remains pending. The present action before this Court arises out of the alleged failure of the FBI—a federal agency headquartered in Washington, D.C.—to produce responsive records to Plaintiff's two FOIA requests. The ease and access to the requested records and any potential agency witnesses to the FOIA requests suggest that the District of Columbia, for purposes of convenience, would be the better venue. These relevant factors weigh heavily in favor of transferring this FOIA action to the District of Columbia.

Moreover, Plaintiff's FTCA action, while previously filed in this Court, is currently on appeal to the Ninth Circuit Court of Appeals, and therefore not before this Court as of

February 11, 2021. While Plaintiff's residency in Nevada and choice of forum were weighed, it cannot be said that transferring this action to the District of Columbia would present hardship to Plaintiff as there remains at least one pending case in that court, and because Plaintiff had previously filed five other FOIA actions there. Defendant has thus met its burden of establishing that transfer is not only appropriate but also will allow this case to proceed more conveniently and better serve the interest of justice. Accordingly, Defendant's Motion is granted.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion to change venue (ECF No. 14) is granted.

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Columbia under 28 U.S.C. § 1404(a) and to close this case accordingly.

DATED THIS 18th Day of May 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE